UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| YONATAN DEL RIO OSORIO,<br>   Petitioner,<br><br>v.<br><br>ANTONE MONIZ et al.,<br>   Respondents. | )<br>)<br>)<br>)<br>)  Civil No. 25-13565-LTS<br>)<br>)<br>)<br>)<br>) |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

December 1, 2025

SOROKIN, J.

  Yonatan Del Rio Osorio, a citizen of Colombia who is in immigration detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241. His petition is ALLOWED as described below.

  More than three years ago, Del Rio Osorio entered the United States without inspection. Doc. No. 1 ¶¶ 1, 32. He was promptly arrested by Customs and Border Protection officers, who issued a Notice to Appear (instituting traditional removal proceedings) and then released Del Rio Osorio on conditions described in orders that facially invoked 8 U.S.C. § 1226. Doc. Nos. 1-3, 1-4. He has resided in the United States ever since, and he has a pending asylum application. Id. ¶¶ 2, 26, 32. On August 4, 2025, Del Rio Osorio was arrested by Immigration and Customs Enforcement ("ICE") officers when he appeared for a state-court hearing in Chelsea. Id. ¶ 33. By late November, that state-court matter was resolved. Id. ¶ 4. Del Rio Osorio has no pending criminal charges and no convictions. Id.

  On November 24, 2025, Del Rio Osorio instituted this action. Doc. No. 1. His habeas petition raises a core challenge that echoes those alleged by petitioners in other cases this Court has recently decided. See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14,

2025), ECF No. 21; Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16.  In an abbreviated memorandum answering the petition, the respondents "submit that the legal issues presented in the Petition are similar to those recently addressed by this Court" in Garcia and Encarnacion, and they acknowledge that the Court "would reach the same result here" if it "follow[ed] its reasoning" in those prior cases.  Doc. No. 7 at 1.  Though they "reserve all rights to appeal," they incorporate their earlier briefing and suggest no further argument is necessary before the Court renders a decision.  Id. at 1 & n.1.

The Court adheres to its prior reasoning—which at least a dozen judges in this District have also adopted repeatedly and consistently—and concludes that Del Rio Osorio is not subject to mandatory detention under 8 U.S.C. § 1225(b).  See, e.g., Oliveira Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025) (slip copy); Romero v. Hyde, No. 25-cv-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (slip copy) (collecting cases from different districts reaching same conclusion).  He is entitled to a bond hearing.

Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the respondents shall release Del Rio Osorio unless he is provided a bond hearing under 8 U.S.C. § 1226(a) **by December 8, 2025**;[1] 2) the respondents shall not retaliate against the petitioner in the context of the bond hearing or otherwise for filing this habeas petition; and 3) the respondents shall file a status report no later than December 10, 2025, describing their compliance with this Order.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge

---

[1] At the hearing, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk.  Hernandez-Lara v. Lyons, 10 F.4th 19, 42 (1st Cir. 2021).